IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ALDEA HOMES INC., TKR        )
PROPERTIES, LLC,             )   2:12-cv-02546-GEB-GGH
                             )
          Plaintiffs,        )
                             )   REMAND ORDER
     v.                      )
                             )
STEVEN NOLE, and DOES 1-10,  )
inclusive,                   )
                             )
          Defendants.        )
_____)
```

        Defendant removed this unlawful detainer action from the Superior Court of California, County of Placer, on October 11, 2012, arguing both federal question and diversity jurisdiction justify removal. (Notice of Removal ("NOR") ¶¶3-14, ECF No. 1.) On November 29, 2012, Plaintiffs filed an ex parte application seeking "to file a Motion to Remand" on shortened time or, in the alternative, an order "summarily remand[ing] the matter to state court." (Pls.' Appl. 1:14-17, ECF No. 4.)

        "There is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must - remand an

action *sua sponte* if it determines that it lacks subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012)(citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)).

Defendant argues in his Notice of Removal that diversity of citizenship exists because "Plaintiff, Aldea Homes Inc., TKR Properties, LLC., . . . is not a citizen of California[,]" and "Defendant is a citizen of California." (NOR ¶¶ 4-5.) However, the Complaint alleges that "Plaintiff, ALDEA HOMES INC. is a California Corporation[,]" and 28 U.S.C. § 1332(c)(1) provides that for purposes of diversity, "a corporation shall be deemed to be a citizen of every state . . . by which it has been incorporated . . . ." (Compl. ¶1, ECF No. 1-5.)[1] Therefore, Defendant has not sustained his burden of showing the existence of diversity removal jurisdiction.

Defendant further argues, *inter alia*, "[t]his matter is a federal question surrounding procedural due process right[s] guaranteed under the Fourteenth Amendment" and "contends a federal question . . . surround[s] the construction of [a] Pooling and Service Agreement[,]" which is of unknown relevance to this litigation. (NOR ¶¶ 11-12.) However, review of the Complaint reveals Plaintiffs allege "one [claim] . . . for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal." Polymatic Props., Inc. v. Mack, No. 2:12-cv-2848-

---

[1] "The status of the parties' citizenship . . . can be determined from the complaint or from other sources, including statements made in the notice of removal." HSBC Bank USA, NA v. Valencia, No. 09-CV-1260-OWW-JLT, 2010 WL 546721, at *2 (E.D. Cal. Feb. 10, 2010)(citations omitted).

2

1  LKK-EFB PS, 2012 WL 5932618, at *1 (E.D. Cal. Nov. 27, 2012)(citing
2  Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985);
3  see also Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117,
4  at *3 (N.D. Cal. June 6, 2011)("An unlawful detainer action, on its
5  face, does not arise under federal law, but is purely a creature of
6  California law.")(citation omitted). Therefore, Defendant also has not
7  shown the existence of federal question removal jurisdiction.

8        For the stated reasons, this case is remanded to the Superior
9  Court of California, County of Placer, from which it was removed for
10 lack of subject matter jurisdiction.

Dated:  November 30, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge